UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RANDELL TERRELL BROWN, | : | CASE NO. 19-62864-pmb |
| | : | |
| DEBTOR. | : | |
| | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| RANDELL TERRELL BROWN, | : | |
| | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
BASED ON PRESUMPTION OF ABUSE ARISING UNDER 11 U.S.C. § 707(b)(2),
ABUSE ARISING UNDER 11 U.S.C. § 707(b)(3), AND 11 U.S.C. § 707(a)**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, (the "United States Trustee"), through undersigned counsel, and respectfully moves this Court to enter an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(2), 707(b)(3), and 707(a), and in support thereof, states as follows:

**I.    COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3).

2. On August 15, 2019, RANDELL TERRELL BROWN ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code.

3. The United States Trustee appointed Gregory Hays to serve as Chapter 7 Trustee in this case, and he continues to serve in that capacity.

4. The chapter 7 trustee commenced and concluded the section 341 meeting of creditors on September 17, 2019.

5. Based upon a review of Debtor's Bankruptcy Petition and Schedules D and E/F, the United States Trustee believes and, therefore, avers that the reported debts are primarily consumer in nature.

6. On his Form 122A ("Means Test"), filed August 15, 2019, Debtor states that the presumption of abuse does not arise because his debts are not primarily consumer debts, and therefore he did not complete either the income or expense portion of that document.

## II. TIMELINESS OF MOTION

7. Bankruptcy Code section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b) (the "Ten Day Statement").

8. Debtor's section 341 meeting in was concluded on September 17, 2019. The United States Trustee timely filed a Ten Day Statement on September 27, 2019, indicating she was unable to determine whether the presumption of abuse arises in Debtor's case (Doc. No. 9).

9. On October 28, 2019, the United States Trustee filed a supplemental statement indicating the presumption of abuse arises in Debtor's case (Doc. No. 10).

10. Section 704(b)(2) requires the United States Trustee to file a motion to dismiss under section 707(b)(2) not later than 30 days after filing the Ten Day Statement.

11. In this case, the 704(b)(2) deadline is October 28, 2019.

2

12. For motions under section 707(b)(3), Federal Rule of Bankruptcy Procedure 1017(e)(1) requires motions to be filed within 60 days after the first date set for the meeting of creditors under section 341(a) unless the Court, for cause, extends the deadline.

13. In this case, the Rule 1017(e) deadline is November 18, 2019.

14. This motion is filed within the requisite time periods and is timely.

### III.    STATEMENT OF APPLICABLE STATUTES AND RULES

15. Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by individuals whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7.

### A.    Dismissal for presumed abuse under section 707(b)(2)

16. Section 707(b)(2) provides a mathematical formula for the Court to objectively assess a debtor's ability to repay debts from disposable income over a 60-month period following the date of the filing of the petition. Under the Means Test, the Court calculates a debtor's current monthly income, reduces that figure by certain living expenses, and multiplies the difference by 60. If that figure is greater than $13,650, the Court must presume that the debtor's case is abusive.

17. Specifically, section 707(b)(2)(A)(i) requires the Court to presume that a debtor's chapter 7 filing is abusive if his current monthly income reduced by amounts determined under clauses (ii), (iii), and (iv) of section 707(b)(2)(A), and multiplied by 60, is not less than the lesser of (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $8,175, whichever is greater; or (II) $13,650.

18. Stated differently, if after deducting all allowable expenses from the debtor's current monthly income, the debtor has less than $136.25 per month in monthly net income (i.e., less than $8,175 to fund a 60 month plan), the filing is not presumed abusive. If the debtor has monthly income of $227.50 or more (i.e., at least $13,650 to fund a 60 month plan), the filing is

presumed abusive. Finally, if the debtor's monthly income is more than $136.25 but less than $227.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25% or more of the debtor's non-priority unsecured debts.

19. If a presumption of abuse arises, the debtor may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). The debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. 11 U.S.C. § 707(b)(2)(B)(ii) and (iii).

20. In the event the debtor establishes special circumstances of the kind described in 11 U.S.C. § 707(b)(2)(B)(i), the debtor will rebut the presumption of abuse only if he demonstrates that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by 60, to be the lesser of: (1) 25% of the debtor's non-priority unsecured debts or $8,175, whichever is greater; or (2) $13,650. 11 U.S.C. §707(b)(2)(B)(iv).

**B.    Dismissal without presumption of abuse under section 707(b)(3)**

21. If the presumption of abuse does not arise or is rebutted, a court may still determine a case is abusive under section 707(b)(3). That section states as follows:

> (3) In considering under [section 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
> (A) whether the debtor filed the petition in bad faith; or
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S. C. §§ 707(b)(3)(A) and (B).

4

**IV.    THE PRESUMPTION OF ABUSE ARISES IN THIS CASE**

22.    Based on materials filed by Debtor and Debtor's current monthly income and allowable expenses and deductions, the United States Trustee prepared a Means Test Comparative Analysis, which is attached hereto as **Exhibit A**.

23.    The United States Trustee's Means Test Comparative Analysis shows monthly income of $23,414.72, and monthly disposable income of $7,196.64. *See* **Exhibit A**. This amount exceeds $227.50 per month, which is the initial threshold for the applicability of the presumption of abuse.

**V.    REBUTTAL OF THE PRESUMPTION**

24.    Debtor has not provided any documentation to support special circumstances to the United States Trustee sufficient to rebut the presumption of abuse pursuant to section 707(b)(2)(B)(ii)(I).

25.    The United States Trustee is not aware of special circumstances in Debtor's case that would result in expenses sufficient to rebut the presumption of abuse.

**VI.    THE TOTALITY OF THE CIRCUMSTANCES OF DEBTOR'S FINANCIAL SITUATION DEMONSTRATES ABUSE**

26.    The overwhelming majority of courts now hold that a debtor's ability to repay a portion of his or her unsecured nonpriority debt may constitute abuse under 11 U.S.C. § 707(b)(3). *See In re Walker*, 383 B.R. 830 (Bankr. N.D. Ga. 2008); *In re Henebury,* 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007) ("Ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. § 707(b)(3)(B)."); *In re Mestemaker*, 359 B.R. 849, 856 (Bankr. N.D. Ohio 2007) (the "plain language of § 707(b)(3), read in conjunction with § 707(b)(1) and (2), is clear and compels a conclusion that a court must consider a debtor's actual

debt-paying ability in ruling on a motion to dismiss where the presumption does not arise or is rebutted"); *In re Lenton*, 358 B.R. 651 (Bankr. E.D. Pa. 2006).

27. The courts consider the debtor's ability to pay as of the date of the hearing on the motion to dismiss, not as of the date the debtor filed the petition. *In re Pennington*, 348 B.R. 647 (Bankr. D. Del. 2006); *In re Richie*, 353 B.R. 569 (Bankr. E.D. Wis. 2006). *Accord, Henebury*, 361 B.R. 609.

28. On his Schedule I, Debtor reports monthly gross income of $23,414.72, and monthly net income of $11,946.68.

29. On his Schedule J, Debtor reports monthly expenses of $8,862.00, and monthly net income of $3,084.68.

30. The United States Trustee agrees that Debtor has monthly net income, but in the amount of $8,304.88. *See* **Exhibits B and C**.

31. The United States Trustee prepared a Disposable Income Calculation, which is attached hereto as **Exhibit D**.

32. The United States Trustee's analysis shows Total Disposable Income of $498,292.80, which is sufficient to pay 150% of Debtor's priority and unsecured debt over sixty months. See **Exhibit D**.

33. Debtor appears to enjoy a stable source of future income.

34. Debtor is eligible for adjustment of his debts through Chapter 13

35. Debtor has the ability to make a substantial payment pursuant to a Chapter 13 plan.

36. Debtor has not offered any evidence that the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment.

37. Debtor is not needy.

38. The granting of a discharge in this case would be an abuse of the bankruptcy process.

39. The United States Trustee submits that in this case Debtor has the ability to pay a significant portion of his unsecured debt and the totality of the circumstances of Debtor's financial situation demonstrates that this chapter 7 filing constitutes an abuse under 11 U.S.C. § 707(b)(3).

### VII. Dismissal Pursuant To Section 707(a)

40. A court may dismiss a case for cause after notice and a hearing. 11 U.S.C. 707(a).

41. A debtor has a duty cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. 11 U.S.C. 521(a)(3).

42. A debtor also has a duty to the trustee to surrender any recorded information, including books, documents, records, and papers, relating to property of the estate. 11 U.S.C. 521(a)(4).

43. Debtor's failure to complete the Means Test constitutes cause for dismissal under 11 U.S.C. § 707(a). *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (cause exists for dismissal under section 707(a) due to the Debtor's failure to provide information to the trustee).

WHEREFORE the United States Trustee requests the Court dismiss this case and grant such other relief as the Court deems appropriate. If Debtor converts the case to chapter 13, the United States Trustee will request the Court hold the motion in abeyance, to be scheduled for hearing in the event Debtor re-converts the case to chapter 7.

NANCY J. GARGULA
UNITED STATES TRUSTEE
Region 21

*/s/ Thomas W. Dworschak*

>THOMAS W. DWORSCHAK
>Georgia Bar No. 236380
>United States Department of Justice
>Office of the United States Trustee
>Suite 362, Richard B. Russell Building
>75 Ted Turner Drive, SW
>Atlanta, Georgia  30303
>(404) 331-4437, ext. 145
>Thomas.w.Dworschak@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on October 28, 2019, I have electronically filed the foregoing *MOTION TO DISMISS BASED ON PRESUMPTION OF ABUSE ARISING UNDER 11 U.S.C. § 707(b)(2), ABUSE ARISING UNDER 11 U.S.C. § 707(b)(3), AND 11 U.S.C. § 707(a)* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Howard Jay Kent        hkent@thekentlawfirm.com
S. Gregory Hays        ghays@haysconsulting.net

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Randell Terrell Brown
3300 Benjamin E Mays Drive, SW
Atlanta GA 30311

*/s Thomas W. Dworschak*